UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation,<br><br>                        Plaintiffs,<br><br>        v.<br><br>LAWRENCE G. WASDEN in his official capacity as Attorney General of the State of Idaho, JAN M. BENNETTS in her official capacity of Ada County Prosecutor, GRANT P. LOEBS in his official capacity of Twin Falls County Prosecutor, IDAHO STATE BOARD OF MEDICINE,<br><br>                        Defendants. | Case No. 1:15-cv-00557-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

　　　　Pending before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order (Dkt. 27). The Court will deny the motion without prejudice.

　　　　The parties have submitted a Proposed Protective Order for the Court's review and approval. Within that proposed order, the parties agreed upon various terms meant to govern the handling of sensitive and confidential information in this litigation. Of concern to the Court are paragraphs 9, 12, and 13, which provide:

>   9.　　Discovery about individuals: Because of the special security concerns for Planned Parenthood, any current or former

**MEMORANDUM DECISION & ORDER - 1**

physicians, employees, or staff members of Planned Parenthood of the Great Northwest and the Hawaiian Islands will be referred to by a pseudonym in the discovery process and trial. A pseudonym may also be used for any other physicians, individuals, or employees who perform or assist with elective abortions in or around Idaho. However, in all instances in which a pseudonym is used for any such individual described in this paragraph, the true names or identities of the individuals from whom a pseudonym is used shall be furnished to counsel for the opposing party under the designation of "Confidential - Attorney's Eyes Only." For purposes of this Order, the designation of "Confidential - Attorney's Eyes Only" means that the information is Confidential under this Order and may only be seen by the attorneys assigned to this case, or staff in the Attorney's office working on their behalf.

12. The parties agree that no Confidential information shall be included in any document that is publicly filed in this litigation. *Any Confidential information contained in deposition transcripts or exhibits, as well as briefs, memoranda, motions, interrogatories or exhibits thereto, and other papers containing or otherwise disclosing such information, which is filed with or otherwise submitted to the Court, including at hearing or trial, shall be filed under seal or, if physically filed, lodged or submitted to the Court, placed in a sealed envelope or other sealed container and maintained in an area not accessible to the public.* No such document shall be disclosed except as provided in this Protective Order. Each sealed envelope or container shall be conspicuously endorsed with the title of this action, the words "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER" and any other identifying language required by the Court.

13. If Confidential information is used at trial, hearing or during a deposition, at the discretion of the Court, that portion of the trial or hearing will be conducted in camera before the Court and any other necessary trier of fact, without the presence of any person or party not *identified* in Paragraph 5 of this Order, and the transcript will be marked pursuant to this Order. Confidential information shall not become a part of the public record except upon the written consent of the party or person supplying the information or unless so ordered by this Court.

*Stipulated Protective Order,* lodged with the Court on April 29, 2016 (emphasis added).

The problem with these paragraphs is that the Court would be sealing documents or excluding the public from trial proceedings without the benefit of a prior motion and an opportunity to determine whether the governing Ninth Circuit standards have been satisfied. *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).[1] Although paragraph 13 does provide that trial proceedings will be conducted in camera "at the discretion of the Court," this is inadequate for two reasons: (1) it does not cover the filing of sealed documents, and (2) it suggests that the Court's decision could be based upon something other than the applicable Ninth Circuit standard. *Id.*

For these reasons, the Court will not approve the Stipulated Protective Order in its current form. The parties may resubmit a proposed order that addresses the concerns outlined above.

## ORDER

It is **ORDERED that** the parties' Joint Motion for Entry of a Stipulated Protective Order (Dkt. 27) is **DENIED WITHOUT PREJUDICE.**



DATED: May 18, 2016

B. Lynn Winmill
Chief Judge
United States District Court

---

[1] The parties included a similar provision in their discovery plan filed with the Court. *See April 22, 2016 Discovery Plan*, Dkt. 26.